IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BILLY HOLDMAN,

      Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration

      Defendant.

_____/

No. C 10-01194 CW

ORDER DENYING
PLAINTIFF'S
MOTION FOR
SUMMARY JUDGMENT
AND REMAND AND
GRANTING
DEFENDANT'S
MOTION FOR
SUMMARY JUDGMENT
(Docket Nos. 24
and 27)

United States District Court
For the Northern District of California

    Plaintiff Billy Holdman moves for summary judgment and remand for a new hearing following the denial of his claim for Title XVI supplemental security income (SSI). Defendant Michael J. Astrue in his capacity as Commissioner of the Social Security Administration (Commissioner) opposes the motion and moves for summary judgment. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion for summary judgment and remand, and GRANTS Defendant's motion for summary judgment.

BACKGROUND

    Plaintiff was born on November 3, 1952. He graduated from high school and attended college for two years. Plaintiff's most recent employment was in 2004, when he provided in-home care to his wife, who had AIDS. Plaintiff's wife died in February 2007.

    Plaintiff originally applied for SSI in 1974, and was found disabled by the Social Security Administration (SSA) due to a

somatoform disorder.  SSA subsequently determined that Plaintiff's disability ceased as of December 18, 1997.  AR 77.  However, Plaintiff never received notice of this termination, and, due to an administrative error, continued receiving benefits until January, 2005.  AR 76.

On January 3, 2005, Plaintiff reapplied for Title XVI benefits, alleging he was disabled because of Hepatitis C, emphysema, migraine headaches, anxiety, depression, hole in eye, heart murmur, asthma, and severe allergies.  AR 81.  On September 8, 2005, SSA denied Plaintiff's application, finding that he did not suffer from complications from his claimed ailments that would prevent him from working.  AR 81-82.  This determination was affirmed on reconsideration, and Plaintiff filed a timely request for hearing.  AR 88, 89.

In a pre-hearing brief, Plaintiff alleged that, in addition to the impairments he originally claimed, he was also HIV positive and suffered from mental impairments, substance use problems, and chronic pain in his chest wall, right arm and thigh.  AR 73.

On August 27, 2007, a hearing was held before an Administrative Law Judge (ALJ) in San Francisco, California. Plaintiff appeared and was represented by counsel.  AR 16.  The ALJ heard testimony from Plaintiff and two medical experts, Dr. Sergio Bello, an internist, and Dr. David Anderson, a psychiatrist.  AR 16.  Vocational expert Joel Greenberg was present at the hearing but did not testify.  AR 917-918.

On November 27, 2007, the ALJ issued a written decision denying Plaintiff's claim for SSI benefits.  The ALJ found that

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Plaintiff's symptoms and limitations due to ongoing substance abuse of cocaine and opiates prevented him from performing any substantial gainful activity.  AR 18-19.  However, the ALJ then considered Plaintiff's limitations independent of substance abuse, as required by 20 C.F.R. § 419.935.  The ALJ noted that the examining internist found no physical basis for significant functional restrictions, and that the examining psychologist, who found no signs of intoxication or substance abuse, reported a Global Assessment Functioning (GAF) of 70, "consistent with a finding of no severe mental impairment."  AR 19.  The ALJ also noted the opinions of Dr. Bello and Dr. Anderson, both of whom ascribed Plaintiff's subjective reports of pain to "drug seeking behavior."  AR 19.  The ALJ concluded that there was insufficient evidence of "objective abnormalities" to support Plaintiff's subjective complaints of chronic pain.  AR 19.  Accordingly, the ALJ found that Plaintiff did not suffer from any severe impairments other than those related to substance abuse, and was not disabled.  AR 19-20.

Plaintiff filed a timely request for review of the ALJ's decision.  AR 12.  In a letter to the SSA Appeals Council, Plaintiff's attorney submitted additional medical records, arguing that they showed Plaintiff suffered from severe depression since at least February 2007.  AR 910-911.  The records included treatment notes from Dr. Rosenthal of the Contra Costa Health Services Mental Health Division.  According to Plaintiff's attorney, Dr. Rosenthal diagnosed Plaintiff with a mood disorder in March 2008, attributable to depression caused by the death of Plaintiff's wife

3

United States District Court
For the Northern District of California

in February 2007.  AR 910-911.

The Appeals Council denied Plaintiff's request for review. Finding that most of the "voluminous package of medical records" submitted by Plaintiff related to the time period after the ALJ's decision of November 23, 2007, the Appeals Council accepted as exhibits just five pages of those records: (1) a letter from an administrative supervisor at UCSF Medical Center General Medicine Clinic notifying Plaintiff that the clinic would no longer prescribe him narcotics due to his failure to abide by the terms of his agreement with the clinic; and (2) three pages of medical chart notes.  AR 912-916.  As a result, the Appeals Council found no basis for reviewing the ALJ's decision.  AR 5-6.

Plaintiff timely commenced this action for judicial review. In his "Motion for Summary Judgment and Remand to the Administrative Law Judge for Another Hearing," Plaintiff claims that the ALJ erred by failing to conduct a proper analysis of Plaintiff's residual functional capacity (RFC) in light of his substance abuse, and that the Appeals Council erred by failing to consider the treatment records from Dr. Rosenthal, which relate back to the time period before the ALJ's decision.

LEGAL STANDARD

A court may set aside the Commissioner's denial of disability benefits only when his findings are based on legal error or are not supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as "more than a mere scintilla but less than a preponderance."  Id. at 1098 (internal

4

quotation marks omitted).  The court must consider the entire record, weighing both the evidence that supports and contradicts the Commissioner's conclusion.  Id.

Even when a decision is supported by substantial evidence in the record, it "should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978) (citing Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968)).  Under SSA regulations, the Commissioner must apply a five-step sequential process to evaluate a disability benefits claim.[1]  The claimant bears the burden of proof in steps one through four.  Bustamante v. Massanari, 262 F.3d 949, 953-954 (9th Cir. 2001).  The burden shifts to the Commissioner in step five.  Id. at 954.

A finding of disability under the five-step inquiry does not

---

[1] The five steps of the inquiry are

1. Is the claimant presently working in a substantially gainful activity?  If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two.  See 20 C.F.R. § 416.920(b).

2. Is the claimant's impairment severe?  If so, proceed to step three.  If not, then the claimant is not disabled.  See 20 C.F.R. § 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Subpart P, Appendix 1?  If so, then the claimant is disabled.  If not, proceed to step four.  See 20 C.F.R. § 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is not disabled. If not, proceed to step five.  See 20 C.F.R. § 416.920(e).

5. Is the claimant able to do any other work?  If so, then the claimant is not disabled.  If not, then the claimant is disabled.  See 20 C.F.R. § 416.920(f).

United States District Court
For the Northern District of California

automatically qualify a claimant for benefits.  Under the Contract with America Advancement Act (CAAA), a claimant "shall not be considered disabled for the purposes of [receiving benefits] if alcoholism or drug addiction [is] a contributing material factor to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J); see also Bustamante, 262 F.3d at 954. Thus, if the claimant would not be disabled if he or she stopped using alcohol or drugs, the Commissioner must deny his or her benefits claim.  Ball v. Massanin, 254 F.3d 817, 822 (9th Cir. 2001); see also 20 C.F.R. § 416.935 (implementing 42 U.S.C. § 1382c(a)(3)(J)).

                            DISCUSSION

I. ALJ's Five-step Sequential Evaluation

     Citing Bustamante, 262 F.3d at 955, Plaintiff claims that the ALJ erred as a matter of law by failing to conduct properly the five-step sequential analysis before determining that Plaintiff's substance abuse materially contributes to his disability.

     In Bustamante, the Ninth Circuit addressed the procedural requirements for denying benefits to substance abusers under 20 C.F.R. § 416.935.  The court held that an ALJ must first conclude that a claimant is disabled before determining whether substance abuse materially contributes to the finding of disability.  262 F.3d at 955; see also Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001).  If and only if the five-step evaluation results in a finding of disability, the ALJ should then decide whether the claimant would still be disabled if he or she stopped using drugs or alcohol.  Bustamante, 262 F.3d at 955.

6

United States District Court
For the Northern District of California

Plaintiff argues that, under <u>Bustamante</u>, the ALJ was required to "specifically state" Plaintiff's RFC both before and after factoring out the effects of his substance abuse.  Plaintiff points out that the ALJ discussed the evaluations by the consultative internist and the consultative psychologist, who found no physical or mental limitations.  However, Plaintiff argues, the ALJ did not "explicitly state" that he was adopting these assessments or "specifically state" his own assessment.

Plaintiff's reading of the ALJ's decision is incorrect.  Although the ALJ did not use the phrase "residual functional capacity," he made clear that, with substance abuse factored in, he found Plaintiff capable of performing no work:  Plaintiff's "substance abuse and related problems prevent him from obtaining and maintaining employment, including past work or any other kinds of work . . . ."  AR 20.

The ALJ then proceeded to factor out Plaintiff's substance abuse.  In doing so, the ALJ made clear that he agreed with the assessments not only of the consultative examiners but also of the testifying medical experts.  The ALJ stated:

> Considering the claimant's alleged impairments independent of substance abuse, however, it is found that the substantial evidence supports the assessments of the consultative examiners and the qualified medical experts and reveals no severe medically determined impairments which would reasonably be expected to produce significant work related limitations of extended duration.

AR 19.  This statement tracks the language of 20 C.F.R. § 416.920(c), defining the "severity" requirement of step two.  It is clear that the ALJ found, after factoring out Plaintiff's substance abuse, that Plaintiff's impairments were not severe

1  enough to pass step two.

2      Contrary to Plaintiff's assertions, the ALJ followed
3  Bustamante.   Bustamante requires the ALJ to determine if substance
4  abuse is material to the finding of disability.   Bustamante, 262
5  F.3d at 955.   If so, the claimant is not disabled.   Id.   In this
6  case, the ALJ first found Plaintiff disabled at step five with his
7  substance abuse factored in, then found him not disabled at step
8  two with his substance abuse factored out.   Because the ALJ found
9  Plaintiff not disabled at step two after factoring out Plaintiff's
10 substance abuse, there was no need to reassess Plaintiff's RFC.
11 Bustamante does not require the ALJ to continue the five step
12 evaluation after the materiality of the claimant's substance abuse
13 has been established.   At that point, the claimant has been found
14 not disabled.

15     Plaintiff appears to suggest that the ALJ's findings were
16 improper because he initially found Plaintiff disabled because of
17 impairments related to his substance abuse.   This rendered the
18 differentiating analysis under 20 C.F.R. § 416.935 a foregone
19 conclusion; having found Plaintiff disabled because of his
20 substance abuse, the ALJ was certain to find that Plaintiff's
21 substance abuse was material to the finding of disability.

22     There is no indication that the ALJ failed to consider
23 adequately Plaintiff's other impairments.   Rather, the ALJ
24 considered the objective evidence of Plaintiff's other impairments
25 and found that it was insufficient to support Plaintiff's
26 subjective complaints.   The only impairments the ALJ could identify
27 were those related to substance abuse.

28

The ALJ's findings in this case are thus distinguishable from those in Bustamante. In Bustamante, the ALJ concluded at step two that the plaintiff's impairments were "the product and consequence of his alcohol abuse and not an independently severe or disabling impairment." 262 F.3d at 955. Here, the ALJ noted Plaintiff's other impairments but found that only those related to substance abuse were severe enough to pass step two. Nonetheless, the ALJ followed the procedure outlined in Bustamante and proceeded to find Plaintiff disabled at steps four and five, before determining whether the substance abuse was material to this determination.

It is important to note that Plaintiff does not challenge any of the ALJ's findings as unsupported by substantial evidence. This includes the finding that there was insufficient evidence of objective factors to support Plaintiff's subjective complaints of pain; the finding that Plaintiff's complaints of pain were primarily motivated by his drug-seeking behavior; and the finding that Plaintiff's impairments other than those related to substance abuse were not severe. Instead, Plaintiff's only challenge to the ALJ's decision is whether he satisfied the procedural steps under Bustamante.

To be sure, the ALJ's decision is not a model of clarity. The ALJ did not specifically state which of Plaintiff's limitations were related to substance abuse. However, the decision is clear that (1) with Plaintiff's substance abuse factored in, Plaintiff was unable to do his past relevant work or any other work in the national economy; and (2) with Plaintiff's substance abuse factored out, Plaintiff did not suffer from any severe limitations. The

9

**United States District Court**
For the Northern District of California

ALJ's conclusion that Plaintiff's substance abuse was material to the finding of the disability followed logically from these facts. The ALJ's statement in his initial determination that Plaintiff's substance abuse was the cause of Plaintiff's disabling impairments was not error.  Because the ALJ complied with <u>Bustamante</u>, Plaintiff's motion to remand to the ALJ to evaluate Plaintiff's disability under <u>Bustamante</u> is denied.

II.  Appeals Council's Consideration of New Evidence

Plaintiff argues that the Appeals Council erred when it declined to incorporate the treatment records of Dr. Rosenthal into the administrative record.  Although Plaintiff did not submit these records to the Court, they apparently showed that Dr. Rosenthal diagnosed Plaintiff with a mood disorder in March 2008, based in part on Plaintiff's statement that he had been depressed since his wife died in February 2007.  The Appeals Council incorporated just five pages of documents into the administrative record, AR 912-916, and rejected the rest, including the Rosenthal records.  The Appeals Council informed Plaintiff that the rejected records were "about a later time" and did "not affect the decision whether you were disabled beginning on or before November 23, 2007."  AR 6.

The Appeals Council must review a case if "new and material information is submitted" after the ALJ's determination.  20 C.F.R. §§ 404.970(b).  In order to be material, evidence "must 'bear directly and substantially on the matter in dispute.'"  <u>Mayes v. Massanari</u>, 276 F.3d 453, 462 (9th. Cir. 2001) (citations omitted). When new evidence is considered, the Appeals Council must order review of a case when it finds that the ALJ's decision is against

10

the weight of all the evidence currently in the record.  20 C.F.R.
§ 416.1470(b).  Remand is appropriate "'only where there is a
<u>reasonable possibility</u> that the new evidence would have changed the
outcome'" of the ALJ's decision.  <u>Booz v. Sec'y of Health and Human</u>
<u>Servs.</u>, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (emphasis in
original) (citations omitted).

      Because Plaintiff did not submit the Rosenthal records to the
Court, the Court is unable to evaluate whether there is a
reasonable possibility that they would have changed the outcome of
the ALJ's decision.  According to the description in Plaintiff's
letter to the Appeals Council, there may be such a possibility.
However, even though the records were submitted to the Appeals
Council, they were returned to Plaintiff.  Defendant therefore does
not have access to the records, and cannot respond to Plaintiff's
contention that the case should be remanded for review of them.
Accordingly, Plaintiff has not met his burden of showing that the
new evidence submitted to the Appeals Council is material to the
ALJ's finding, as would be required to warrant remand.

CONCLUSION

      For the foregoing reasons, Defendant's motion for summary
judgment is GRANTED (Docket no. 27) and Plaintiff's motion for
summary judgment and remand is DENIED (Docket no. 24).  Judgment
shall enter accordingly.  The parties shall bear their own costs.

      IT IS SO ORDERED.

Dated: 8/31/2011

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

11